**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**VERNON JAMES EWELL,**

    **Plaintiff,**

**vs.**                                                **CASE NO. 1:06CV48-MP/AK**

**CHARLES CRIST, et al,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff complains that he was "held" past his release date of June 2, 2004, and because he was not released from the requirements of his probation he was violated for curfew restrictions and returned to prison.  (Doc. 14).  He requests immediate release, and damages for emotional damage and lost wages.  (Doc. 14).  Defendant McDonough was the only defendant served and he has moved to dismiss the amended complaint for failure to exhaust administrative remedies, which has been construed as a motion for summary judgment because evidentiary materials were attached.  (Docs. 27 and 48).  Plaintiff has responded.  (Doc. 55).

Since passage of the PLRA, 42 U.S.C. § 1997e(a) now provides:  "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  (Emphasis added.)

The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).  Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such.  Higginbottom, 223 F.3d at 1261, *citing* Alexander, 159 F.3d at 1323.  Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  An inmate must not only commence the grievance process, he must perfect his appeal to the highest administrative level in the process.  Alexander, 159 F.3d at 1323.

**No. 1:06cv48-MP/AK**

Plaintiff is housed within the Florida Department of Corrections.  Florida prisons have an administrative grievance program.  See FLA. ADMIN. CODE CH. 33-103.  The prison grievance system is usually a three step process: informal grievance to responsible staff member; formal grievance to warden or assistant warden; and finally, appeal to Office of the Secretary of DOC.  Defendant contends that Plaintiff has not offered copies of any grievance on the issues raised in the complaint, that there are no grievances on record in his inmate file concerning these issues, and that Plaintiff has not alleged in either of his pleadings that he completed the grievance process.  Defendants contend that he has been inconsistent in his allegations regarding this process, and Indeed Plaintiff admitted in the original complaint Plaintiff that he did not appeal the issue, but changed his position in the amended complaint to state that he appealed the issue, but did not file an informal grievance because it did not apply.  Defendants contend that the issues raised must begin with the informal grievance, the issues are not one for which the grievance process allows a bypass of this step.

Plaintiff argues in response that he has three eye witnesses to his filing a **formal grievance,** and it is not his fault if the institution lost his papers.  He has attached the affidavit of one of these witnesses, Jessie J. McGraw, and a copy of an informal grievance he wrote on another unrelated issue to show that he knows how to use the process.  He has also attached affidavits showing that other inmates have had problems in exhausting the grievance process.

**No. 1:06cv48-MP/AK**

    a)    <u>Affidavit of Jessie McGraw (Doc. 55, Exhibit A)</u>

McGraw attests that he saw Plaintiff file and mail "his **formal grievance** based on false imprisonment at River Junction Work Camp ACI on approximately 3-26-2006."

    b)    <u>Informal Grievance dated 11-12-07 (Doc. 55, Exhibit B)</u>

Informal Grievance to Classification regarding his work as a pall bearer and a the Disciplinary Report he received on November 15, 2007 for threats he made in the informal grievance.

    c)    <u>Affidavits from Inmates (Doc. 55, Exhibit C)</u>

Inmates Michael Lentz and James Coffee attest that they have filed grievances for which they have received no response, and it is their belief that these grievances were intercepted and destroyed.

An inmate may bypass the informal grievance step and go directly to the warden or assistant warden with a formal grievance for "an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time ..., a grievance challenging placement in close management and subsequent reviews, grievances regarding the return of incoming mail..., or a grievance involving disciplinary action...." *See* FLA. ADMIN. CODE CH. 33-103. 005. None of these exceptions apply to the issues raised in the amended complaint, and therefore, an informal grievance was required. The only "proof" Plaintiff offers is an affidavit that another inmate saw him file and mail a **formal** grievance. Plaintiff does not allege nor has he offered any proof that he filed an informal grievance.

**No. 1:06cv48-MP/AK**

Since completion of the process would require all three steps, it is clear from the pleadings themselves that Plaintiff has not exhausted the grievance process and this cause should be dismissed on this ground.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion (docs. 27 and 48) be **GRANTED**, and Plaintiff's amended complaint (doc. 14), be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this __28th__ day of February, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:06cv48-MP/AK**